**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Goss,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America; et al.,<br><br>    Defendants. | No. CV18-8077-PCT DGC<br><br>**ORDER** |

Plaintiff Keith Goss has sued Defendants United States of America, Tuba City Regional Health Care Corporation ("THC"), and Lynette Bonar, alleging eight claims related to his employment and resignation from THC. Doc. 1. THC and Bonar move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Doc. 17. The United States moves to dismiss under Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. Doc. 21. The motions are fully briefed, and no party has requested oral argument. For the reasons that follow, the Court will substitute the United States as a Defendant in place of THC and Bonar on four claims, grant THC and Bonar's motion to dismiss the other claims against them, and deny the United States' motion to dismiss.

**I.  Background.**

The Court accepts Plaintiff's factual allegations as true for purposes of these motions to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

THC, which is a tribal organization that has a self-determination contract with the federal government, offers a wide range of medical services from a former Indian Health Service Hospital located in Tuba City on the Navajo Reservation. Doc. 17-1 at 3, 43. Plaintiff worked as a podiatrist for THC from July 1, 2008 until he resigned on September 20, 2017. Docs. 1 at 4; Doc 17-1 at 3. During his employment, Plaintiff made complaints regarding inappropriate expenditures of hospital money and inadequate medical care offered to tribal members. Doc. 1 ¶¶12-14. After reports surfaced about problems with care and corruption, THC placed Plaintiff on administrative leave. *Id.* ¶ 17. An outside attorney hired by THC interviewed Plaintiff regarding his complaints and other statements he made in the course of his employment, and characterized Plaintiff's other statements as threats. *Id.* ¶¶ 18-19. Plaintiff alleges that THC conducted this investigation and generally created a hostile working environment to retaliate for the complaints he made about the hospital. *Id.* ¶¶ 12-14. Plaintiff resigned due to the results of the investigation. *Id.* ¶ 22.

In December 2017, Plaintiff submitted a Federal Torts Claim Act ("FTCA") claim to the Bureau of Indian Affairs, alleging lost wages, lost future earnings, and emotional distress. *See* Doc. 21-3 at 2-5. The claim was denied. Doc. 17-1 at 81. In January 2018, Plaintiff sued Bonar and several other employees of THC in Arizona Superior Court, asserting a violation of federal wiretapping law, a *Bivens* claim, and seven defamation claims. Doc. 17-1 at 84-97. The superior court granted defendants' motion to dismiss for failure to state a claim and lack of subject matter and personal jurisdiction. Doc. 32-1.

In the present complaint, Plaintiff alleges negligence and negligent supervision against the United States and THC ("claim 1"); constructive discharge against THC ("claim 2"); intentional infliction of emotional distress ("IIED") against Bonar and THC ("claim 3"); breach of covenant of good faith and fair dealing, apparently against all Defendants ("claim 4"); a *Bivens* claim against Bonar ("claim 5"); negligent supervision against all defendants as to the actions of THC employee Jayson Watabe ("claim 6");

violation of state whistleblower laws against THC and Bonar ("claim 7"); and violation of federal whistleblowing laws against THC and Bonar. ("claim 8").

**II.  The United States' Motion.**

Plaintiff and the United States have stipulated that the United States will be substituted as the sole defendant in claims 1, 2, 3, and 6 pursuant to the FTCA. Doc. 24, ¶ 3 ("the Parties stipulate that . . . the United States is the sole and proper party for the allegations raised in Counts 1, 2, 3, and 6."). This appears to be a valid stipulation. Federal regulations explain that "no claim may be filed against a self-determination contractor or employee based upon performance of non-medical-related functions under a self-determination contract. Claims of this type must be filed against the United States under the FTCA." 25 C.F.R. § 900.204. In light of this stipulation, THC and Bonar will be dismissed as Defendants in claims 1, 2, 3, and 6, and these claims will proceed solely against the United States. In the remainder of this order, the Court will address these claims as being asserted against the United States, properly substituted under 28 U.S.C. § 2679(b)(1).[1]

### A. Jurisdiction for Employment-Related Claims.

The United States argues that the FTCA excludes coverage for employment-related claims between tribal employers and their employees. Doc. 21 at 6. Without identifying specific claims, the United States appears to argue that all of Plaintiff's employment-related claims are actually breach of contract claims excluded from coverage by the FTCA. *Id.*

The FTCA does not cover claims for breach of contract. 28 U.S.C. § 2680(h); 25 C.F.R. § 900.183(a). Nor does it permit the United States to substitute for a government

---

[1] In their stipulation, the parties state that the United States is substituted under 28 U.S.C. § 2675. Doc. 24, ¶ 3. This appears to be a typo. Section 2675 established the exhaustion requirement for claims brought under the FTCA, not the government's liability for actions of its employees. The relevant statute appears to be 28 U.S.C. § 2679(b)(1), which states that the remedy against the United States provided by the FTCA is the exclusive remedy for tortious actions of government employees, and that direct actions against such employees are precluded. In fact, § 2679(b)(1) is the statute under which the United States originally moved to be substituted for THC and Bonar. *See* Doc. 21 at 6.

employee sued for breach of contract. *See* 28 U.S.C. § 2679(b)(1). By stipulating to substitute itself as the sole defendant in claims 1, 2, 3, and 6, the United States seems to concede that those claims are covered by the FTCA, which would mean they are not breach of contract claims. And, consistent with this position, the United States has not sought to substitute for THC and Bonar on claim 4, which asserts a breach of contractual covenant claim. *See* Doc. 21 at 2.[2]

In its reply brief, the United States cites *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185 (9th Cir. 1998), for the proposition that a plaintiff cannot bring employment-related claims against the United States arising from employment with a tribal entity. But *Pink* contains very little discussion of this issue. It states only that "Pink's proposed amendment to substitute the United States would have been futile because Congress did not waive sovereign immunity." *Id.* at 1188. In this case, by contrast, the government has *stipulated* to be substituted for the individual Defendants on claims 1, 2, 3, and 6. Doc. 24. And the other grounds for dismissal of the plaintiff's claims in *Pink* have not been asserted by the government in this case. *See id.* at 188-89.

The government also cites *Locklear v. Gila River Indian Cmty.*, No. 2:12-CV-01798-SLG, 2013 WL 12125745 (D. Ariz. Apr. 5, 2013), in its reply brief. Like *Pink*, *Locklear* addressed employment-related claims brought against a tribe and various employees of tribal entities. The United States was not named as a Defendant in that case and did not substitute for any defendant. *Locklear* addressed the plaintiff's various

---

[2] Claims 1, 3, and 6 are pled as tort claims, and therefore would appear to be appropriate under the FTCA. The Court is less certain that claim 2 – constructive discharge – states a tort claim, or any other claim for that matter. The United States reads claim 2 as asserting a tort (Doc. 21 at 5), but the Court is not convinced. The Arizona Court of Appeals has explained that "although constructive discharge may transform a resignation into a discharge, by itself, it does not afford an employee a remedy." *Peterson v. City of Surprise*, 418 P.3d 1020, 1023 (Ariz. Ct. App. 2018). "To prevail on a claim for constructive discharge, an employee also must prove a common-law or statutory claim for wrongful termination." *Id.* One possible claim would be breach of Plaintiff's employment contract (A.R.S. § 23–1501(A)(3)(a)), but that would not be a tort within the FTCA or one for which the government should be substituted. Another would be for violation of the Arizona whistleblower statute (A.R.S. § 23–1501(A)(3)(b), (c)), but Plaintiff already asserts that claim in claim 7. The potential infirmities in claim 2 should be considered by the parties as the case proceeds.

arguments that the tribal defendants could be sued in federal court, and found none of them correct. *Id.* at *2-4. The court did not consider whether it could exercise jurisdiction over claims brought against the United States under the FTCA.

The government also argues in its reply brief that any employment-related claims, whether asserted as torts or breach of contract, must be brought in tribal court. Doc. 32 at 3-5. The government seems to suggest that FTCA liability for actions of employees of tribal self-determination entities is limited under 25 U.S.C. § 450f(c) (now found at 25 U.S.C. § 5321(d)) to claims arising out of the provision of medical care, and, because Plaintiff's claims do not stem from the provision of medical services, those claims are not covered by the FTCA and cannot be asserted in this case. Doc. 32 at 5. The Court has three problems with this argument. First, it was not asserted in the United States' motion to dismiss, and the Court will not consider an argument made for the first time in a reply brief. Second, it appears to be inconsistent with 25 C.F.R. § 900.204, which provides that claims "based upon performance of non-medical-related functions under a self-determination contract . . . must be filed against the United States under FTCA." Third, it is inconsistent with the government's substitution for THC and Bonar.[3]

The Court will not dismiss the claims at this point on the basis of these arguments, but does not preclude the government from reasserting them at summary judgment.

### B. Exhaustion and Plaintiff's IIED Claim.

The United States argues that Plaintiff's claim for IIED should be dismissed for failure to exhaust administrative remedies because he failed to describe the injury sufficiently in his administrative claim to the BIA. Doc. 21 at 8. The Court does not agree.

The FTCA provides that "'an action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his

---

[3] Adding to the confusion, the government states in its reply brief that "[t]he case, in its entirety, is no more than an employment dispute between an ex-tribal employee and his tribal employer. It is not the Federal Government's place to intervene, nor can it be heard by this Court." Doc. 32. But the government has intervened for THC and Bonar, and it is seeking to be heard.

administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). Exhaustion "is a prerequisite to district court jurisdiction." *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). A claim is considered "presented for purposes of § 2675 when a party files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. United States*, 304 F.3d 861, 863-64 (9th Cir. 2002).

Plaintiff's administrative claim described his employment issues with THC and claimed $150,000 for emotional distress. *See* Doc. 21-3 at 4-5. This was sufficiently detailed under 28 U.S.C. § 2675. Doc. 28 at 12. "The claim presentation requirement of the FTCA is designed to ensure that compensation is provided in a fair and equitable manner, 'not to provide a basis for a regulatory checklist, which when not fully observed, permits the termination of claims regardless of their merits.'" *Blair*, 304 F.3d at 868 (quoting *Erxleben v. United States*, 668 F.2d 268, 273 (7th Cir. 1981)). By specifically seeking compensation for emotional distress, Plaintiff placed the government on notice of his emotional distress claim. He provided "information sufficient for [the agency] to investigate." *See Kinlichee v. United States*, 929 F. Supp. 2d 951, 960 (D. Ariz. 2013).

### C. Conclusion.

The United States is substituted as the sole defendant in claims 1, 2, 3, and 6. The Court will not dismiss those claims based on the government's motion to dismiss. The motion also argues that the United States is not liable for claims 4, 5, 7, and 8, but the government is not a Defendant in those claims. *See* Doc. 1 at 10-11, 13-14.

## III. THC and Bonar's Motion.

THC and Bonar remain Defendants in claims 4, 5, 7, and 8. They argue, however, that they enjoy absolute immunity under 42 U.S.C. § 233(a). Doc. 17 at 6. They also argue that Plaintiff cannot bring a *Bivens* claim against Bonar. *Id*. at 11. Finally, they assert that jurisdiction for employment-related claims is proper only in the Navajo courts or, in any event, that the Court should require Plaintiff to exhaust his remedies there. *Id*. at 12-15.

### A. 42 USC § 233(a) Immunity.

THC and Bonar assert that immunity conferred by the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), the Federally Supported Health Centers Assistance Act ("FSHCAA"), and the Public Health Services Act ("PHSA"), protects PHS employees for all acts or omissions taken within the scope of their employment, regardless of whether the claims are covered by the FTCA. Doc. 17 at 6-7.

Tribal organizations and Indian contractors under an ISDEAA self-determination contract are *deemed* part of the PHS. *See* 25 USCA § 5321(d); *see also* Doc. 21-2 at 19. Under the PHSA and the FSHCAA, the Secretary may approve an "entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner . . . [to] be deemed . . . an employee of the Public Health Service." 42 U.S.C.A. § 233(g). Such an entity is protected by the exclusive remedy provided by the FTCA against any "damage resulting from personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service." *See* 42 U.S.C.A § 233(a), (g); *see also* 25 U.S.C.A. § 5321(d). In other words, claims arising out of the performance of medical, surgical, dental, or related functions cannot be asserted against the entity or its employees and can be brought only against the United States under the FTCA. *See* 28 U.S.C. § 2679(b)(1). Thus, the PHSA shields public health employees from "suits that sound in medical malpractice" or involve a doctor-patient relationship. *Mendez v. Belton*, 739 F.2d 15, 19 (5th Cir. 1984); *see also*; *Cuoco v. Moritsugu*, 222 F.3d 99, 104 (2d Cir. 2000) (finding § 233 applicable claim where prisoner's constitutional rights were violated after a prison doctor denied prisoner treatment).

Other job functions may also be protected if they are "interwoven" with providing medical care. *See, e.g.*, *Mele v. Hill Health Ctr.*, No. 3:06CV455SRU, 2008 WL 160226, at *3 (D. Conn. Jan. 8, 2008) (finding § 233(a) applied where a clinic worker improperly disclosed the plaintiff's medical information, because ensuring patient privacy was a

related function); *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (finding the physician's duty to report suspected child abuse to be a "related function" covered under § 233(a)). Claims involving employment practices are covered by § 233(a) if they are related to medical care given to patients. *See, e.g.*, *Brignac v. United States*, 239 F. Supp. 3d 1367, 1377-78 (N.D. Ga. 2017) (applying § 233(a) where patient brought a negligent supervision claim against the health center alleging he was sexually assaulted by a doctor during treatment); *La Casa de Buena Salud v. United States*, No. CIV 07-238 JB/RHS, 2008 WL 2323495, at *20 (D.N.M. Mar. 21 2008) (applying § 233(a) to a negligent hiring claim brought by the estate of a deceased patient). But courts have largely refused to apply § 233 to claims between employees that do not involve patients. *See, e.g.*, *Mendez*, 739 F.2d at 19-20 (finding § 233 does not apply to a claim for intentional discrimination that occurred during a professional review); *Logan v. St. Charles Health Council*, No. 1:06CV00039, 2006 WL 1149214, *3 (W.D. Va. May 1, 2006) (finding § 233 does not apply to a suit brought by one doctor against another doctor for fraudulent use of the doctor's name to write prescriptions).

Here, although THC and Bonar are deemed to be part of the PHS under 42 U.S.C. § 233(g), Plaintiff's claims involve interactions between employees or between THC and Plaintiff as an employee. None of the claims involves the provision of medical, surgical, dental, or related services. THC and Bonar argue that sweeping language in § 233(a) extends protection to any "employee of the Public Health Service [] acting within the scope of his office or employment." *See* Doc. 17 at 7. But the immediately preceding sentence limits that protection to damages "resulting from the performance of medical, surgical, dental, or related functions." *See* 42 U.S.C.A. § 233(a).

THC and Bonar's citation to *Hui v. Castaneda*, 559 U.S. 799 (2010), is unavailing. *See* Doc. 17 at 7. In *Hui*, the Supreme Court held that a *Bivens* claim is inappropriate where the party brings an action alleging harm from the performance of medical services or related functions within the scope of PHS employment. 559 U.S. at 806. In that situation, the remedy provided by the PHSA is exclusive. *Id*. *Hui* did not preclude all

claims against PHS employees, only a *Bivens* claim that arose from the performance of medical, dental, surgical, or related services.

Other cases cited by THC and Bonar addressed claims related to medical care. Doc. 17 at 8-10; *see Pinzon v. Mendocino Coast Clinics Inc.*, No. 14-cv-05504-JST, 2015 WL 4967257, at *1 (N.D. Cal. Aug. 20, 2015) (immunity appropriate where patient sued under the American with Disabilities Act and the Civil Rights Act for receiving inadequate treatment due to his race and mental illness); *May v. Segovia*, No 15-cv-00405-NYW, 2017 WL 57257, *4 (D. Co. Jan. 3, 2017) (immunity appropriate for Eighth Amendment and Equal Protection claims by prisoner against prison health care worker for providing inadequate medical treatment). These cases are inapposite.

Because THC and Bonar have failed to show how any of Plaintiff's claims arose from providing medical, surgical, dental, or related services, the Court will deny the motion to dismiss claims 4, 5, 7, and 8 under 42 U.S.C. § 233(a).

**B. Jurisdiction over Employment-Related Claims.**

**1. Do Navajo Courts Have Exclusive Jurisdiction?**

THC and Bonar argue that, as a company operating under an ISDEAA self-determination contract, THC must follow Navajo "employment or contract preference laws." *See* 25 USCA § 5307(c). They also cite to the Navajo Preference in Employment Act (the "NPEA") as providing a comprehensive employment framework governing all claims by Plaintiff against THC and Bonar. *See* Doc. 17 at 12-13.

THC and Bonar argue that Plaintiff's claims all relate to his employment, and that Navajo courts have exclusive jurisdiction over employment-related claims. In support, THC and Bonar cite *Wide Ruins Cmty. Sch. v. Stago*, 281 F. Supp. 2d 1086 (D. Ariz. 2003). That case concerned claims by tribal members against a tribal corporation that operated Wide Ruins Community School. *Id.* at 1087. Following an award of damages against the tribal corporation in Navajo tribal court, the corporation filed an action in federal court arguing that, under Public Law 101-512, it could be sued only in federal

court and the tribal court judgment against it was therefore invalid.[4] Judge Martone held that PL 101-512 applies only to tort claims cognizable under the FTCA. "[T]his is all the statute addresses," he ruled. *Id.* at 1089. Because PL 101-512 says nothing about the non-tort claims that had been adjudicated in tribal court, it did not shield the tribal corporation from liability for those claims as established in tribal court. The parties and Judge Martone understood that the claims asserted in tribal court were between tribal members and a tribal entity, and apparently assumed that unless tribal court jurisdiction was divested by PL 101-512, the tribal court decision would stand. *Id.* at 1088-89. Judge Martone did not address whether employment-related disputes outside the FTCA must be brought in tribal court. As a result, *Wide Ruins* does not support THC and Bonar's argument, and they cite no other federal case law.[5]

THC and Bonar argue that jurisdiction is proper in tribal court because Plaintiff's claims fall under the NPEA. Doc. 17 at 12. The sole purpose of the NPEA is to provide employment opportunities and training to members of the Navajo Nation. 15 N.N.C. § 602. It requires corporations like THC to create an affirmative action plan that gives employment preference in members of the Navajo tribe. *See* 15 N.N. C §604(A); 603(C). Contrary to THC and Bonar's assertion, the NPEA provides broad protections and penalties only in the context of using an affirmative action plan. *See* 604(B)(8); Doc. 17 at 13. And, these enforcement procedures are only available to members of the Navajo tribe. *See* 15 N.N.C. §610. As none of Plaintiff's claims allege inappropriate firing or exclusion of a member of the Navajo tribe, the NPEA does not cover Plaintiff's claims.

---

[4] Public Law 101-512, § 314, 104 Stat. 1915 (1990), was codified in a note attached to 25 U.S.C. § 450f. Section 450f was later transferred to 25 U.S.C. § 5321 without reference to the note. But 25 U.S.C. § 5396, governing Title V self-determination contracts like the one in this case, explicitly adopted the provision as applicable to Title V contracts. *See* 25 U.S.C. § 5396; *see also* Doc. 21-2 at 6 (the Compact between parties was entered into pursuant to Title V of the ISDEAA).

[5] Because the United States has been substituted for THC and Bonar under the FTCA for claims 1, 2, 3, and 6, those claims must be brought in this Court. 28 U.S.C. § 2679(d)(1); 20 C.F.R. § 900.185; *see also Wide Ruins*, 281 F. Supp. 2d at 1089-90 ("To the extent that . . . defendants make claims against tribal schools for causes of action that would otherwise have been within the scope of the [FTCA], the claims should be against the United States and must be made in this court.").

*See* Doc. 1; *see also Staff Relief, Inc. v. Polacca*, 8 Nav. Rptr. 49, 2 Am. Tribal Law 512, 514 (Navajo 2000) (plaintiff, a member of the Navajo tribe, had a NPEA claim where he lost his job due to downsizing).

### 2. Tribal Court Exhaustion.

THC and Bonar argue that even if the tribal court does not have exclusive jurisdiction, Plaintiff is required to exhaust his remedies there before bringing suit in this Court. Doc. 17 at 15. Principles of comity require federal courts to dismiss or abstain from deciding cases in which concurrent jurisdiction exists in tribal court. *See Crawford v. Genuine Parts Co.*, 947 F.2d 1405, 1407 (9th Cir. 1991) (citing *Nat'l Farmers Union Ins. v. Crow Tribe of Indians*, 471 U.S. 845 (1985)). Federal courts must abstain even if no proceedings are pending in tribal court. *Id*. (citing *Stock West Corp. v. Taylor*, 942 F.2d 655, 660 (9th Cir. 1987)). An examination of relevant jurisdictional factors "should be conducted in the first instance in the Tribal Court." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 122, 1228 (9th Cir. 1989) (exhaustion principles apply "even if the [tribal court's] jurisdiction is concurrent with the federal judiciary"); *see also Iowa Mut. Ins. v. LaPlante*, 480 U.S. 9, 16 (1987). Exhaustion of tribal remedies is not discretionary, it is mandatory. *Crawford*, 947 F.2d at 1407 (citing *Burlington N. RR. v. Crow Tribal Council*, 940 F.2d 1239, 1245 (9th Cir. 1991)).

In *Montana v. United States*, 450 U.S. 544 (1981), the Supreme Court recognized the "general proposition that inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe," but identified two exceptions to this rule. *Id*. at 565. First, "[a] tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." *Id*. Second, "[a] tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. *Id*.

In *Water Wheel Camp Recreational Area, Inc. v. La Rance*, 642 F.3d 802 (9th Cir. 2011), the Ninth Circuit held that *Montana* applies to non-Indian activities on non-reservation land, and that a tribe has separate authority to regulate the activities of non-Indians on reservation land. That authority derives from the tribe's inherent authority to exclude non-Indians from its land. *Id.* at 811-12. *Water Wheel* held that this separate authority applies to judicial jurisdiction as well as regulatory jurisdiction. *Id.* at 816.

In light of *Water Wheel*, the Court concludes the Navajo tribal court likely has jurisdiction over claim 4. That claim alleges that Plaintiff's employment contract with THC contained a covenant of good faith and fair dealing. Doc. 1 ¶ 40. He alleges that THC violated this covenant when it created a hostile work environment and retaliated against him. *Id.* ¶ 41. As THC is located on the Navajo reservation and is a tribal organization, and all of the actions alleged in the complaint occurred on the reservation, the tribal court likely has jurisdiction over this claim.[6]

Even if *Montana* were to apply, the tribal court likely would have jurisdiction. THC is a tribal organization, and Plaintiff entered into an employment agreement with THC to work on the reservation, as did Bonar. *See* Doc. 1 ¶¶ 11, 15. Because all parties entered consensual relationships through contracts with a tribal entity, and the claims arise out of those relationships, tribal jurisdiction appears to be proper under the first *Montana* exception. *Montana*, 450 U.S. at 565 ("[a] tribe may regulate . . . the activities

---

[6] The Court concludes that THC is a tribal organization. Indian tribes enter into 638 contracts with the United States to take over programs and operations formerly provided by the BIA. *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1002 (9th Cir. 2014) ("These contracts are commonly called '638 contracts,' in reference to the public law number of the ISDEAA."). By law, 638 self-determination contracts are only entered into between an Indian tribe or tribal organization and the federal government. 25 U.S.C. § 5321(a)(1); *see also FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1234 (8th Cir.) ("[B]y definition the ISDEAA does not contemplate that a private party . . . can enter into a self-determination contract."). THC and Bonar have produced evidence that THC is a tribal organization operating under a 638 self-determination contract. Plaintiff agrees that THC operates under such a contract. Although Plaintiff argues that THC's 638 contract participation makes it a private corporation, incorporated under Arizona law, he points to no case law or evidence to support this assertion. In light of the law on 638 contracts, and absent additional information controverting THC and Bonar's evidence, it appears that THC is a tribal organization.

of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements.").

Plaintiff argues that his claims qualify for an exception to the exhaustion requirement. *See* Doc. 29 at 16. Courts recognize four exceptions: "where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by Montana's main rule." *Burlington N. R. R.*, 196 F.3d at 1065. The party asserting an exception must show it applies. *See, e.g.*, *Johnson v. Gila River Indian Cmty.*, 174 F.3d 1032, 1036 (9th Cir. 1999) (delay alone is not ordinarily sufficient to show that pursuing tribal remedies is futile); *A& A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1417 (9th Cir. 1986) (plaintiff must demonstrate that enforcement of the statutory scheme was the product of bad faith conduct or was perpetuated with a motive to harass). Here, Plaintiff cites the four exceptions and states simply that "[t]he very nature of the allegations takes this case out of tribal rule." Doc. 29 at 16. But Plaintiff does not explain why any exception applies, and the Court finds them all inapplicable. There is no evidence of bad faith or a desire to harass on the part of the tribal court, there is no express jurisdictional prohibition, Plaintiff does not argue that he would lack an adequate opportunity to challenge the tribal court's jurisdiction, and, in light of the cases discussed above, it is not plain that the tribal court lacks jurisdiction.

Because colorable questions of tribal jurisdiction exist with respect to claim 4 and none of the exceptions to mandatory deference are applicable, Plaintiff must exhaust available tribal remedies before pursing litigation in federal court. *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008); *Stock W. Corp. v. Taylor*, 964 F. 2d 912, 919-20 (9th Cir. 1992). Once a court determines that exhaustion of tribal remedies is required, it has discretion to decide whether the case should be stayed or

dismissed. *Nat'l Farmers Union Ins.*, 471 U.S. at 857. The Court will dismiss claim 4 so that it may be pursued in tribal court. The Court deems this to be the proper result because, in light of this order, Plaintiff will be litigating no other claims against THC and Bonar in this Court.

**C.     Jurisdiction for *Bivens*.**

Claim 5 asserts a *Bivens* claim. Bonar argues that because she is deemed a federal employee for purposes of the public health employee FTCA coverage, and the FTCA excludes *Bivens* claims, she cannot be liable under *Bivens*. Doc. 17 at 11. (citing 28 U.S.C. § 2679).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft*, 556 U.S. at 675. A *Bivens* claim requires a violation of constitutional rights by agents acting under the color of federal law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). A person acts under color of federal law by "exercising power possessed by virtue of [federal law] and made possible only because the wrongdoer is clothed with the authority of [federal] law." *Polk County v. Dodgson*, 454 U.S. 312, 317-18 (1981); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (*Bivens* is basically a 1983 claim for federal law).

As discussed above, Bonar is deemed a federal employee for purposes of tort claims within the FTCA (PL 101-512), and she would have protection under the PHSA and FTCA for claims related to the delivery of medical services (§ 233). But otherwise, Bonar is an employee of a tribal organization. The fact that the organization works under a contract approved by the federal government through the ISDEAA does not transform Bonar into a federal employee for all purposes. Generally, an employer's contract with the federal government does not render its employees federal for purposes of *Bivens* claims. *See Minneci v. Pollard,* 565 U.S. 118, 126 (2012) (no *Bivens* right against the employee of a private entity under contract with the federal government); *Correctional*

*Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001) (no *Bivens* right against a private entity under contract with the federal government).

Plaintiff appears to cite the ISDEAA in support of his argument that Bonar is a federal employee (Doc. 29 at 13), but he cites no specific provision of the statute. Nor do the other cases cited by Plaintiff bear on this issue. They hold that individual capacity suits seek to impose liability on the individual employee and not her employer, but they say nothing about whether the employee is or is not federal for purposes of *Bivens*. *See* Doc. 29 at 12-13. The Court will dismiss claim 5 for lack of jurisdiction.

### D. Violations of Federal and State Whistleblower Laws.

THC and Bonar argue that the Court lacks subject matter jurisdiction over claims 7 and 8 – the federal and state whistleblower claims – because (1) Plaintiff was not a federal employee, and (2) Arizona employment laws are inapplicable on the Navajo reservation. *See* Doc. 17 at 13. They also argue that even if Plaintiff was a federal employee, he failed to exhaust administrative remedies by not first bringing his claim before the Merit Systems Protection Board ("MSPB"). *Id*.

Plaintiff does not meaningfully respond to these arguments. He merely reiterates his arguments that THC and Bonar intentionally retaliated against him for reporting the safety violations and mismanagement of THC. *See* Doc. 29 at 14-15.

#### 1. Federal Whistleblower Claim.

Under the Federal Whistleblower Protection Act, an employee or former employee may seek an individual corrective action from the Merit Systems Protection Board for any personnel action taken as a result of "a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C)." 5 U.S.C. § 1221(a). An employee or former employee may then obtain judicial review of a final order or decision. *Id*. § 1221(h)(1); *Burroughs v. U.S. Dep't of Army*, 651 Fed. App'x 651, 651 (9th Cir. 2016) (Whistleblower Protection Act claims must be appealed to the Merit Systems Protection Board, with right to seek judicial review from circuit court of appeals (citing 5 U.S.C. § 1221(a),(h)).

It is undisputed that Plaintiff did not file a claim with the Merit Systems Protection Board prior to filing his claim in this Court. The Court will therefore dismiss this claim. *See Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstances does the [Federal Whistleblower Protection Act] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.").

### 2. State Whistleblower Claim.

To bring a claim for violation of A.R.S. § 41-1464, Plaintiff must bring a claim under the Arizona's Civil Rights Act. *See* A.R.S. § 41-1484; A.R.S. § 23-1501 (A)(b)(ii), (B) (if a statute provides a remedy to an employee for violation of the statute, that remedy is exclusive); *Colvin v. Sheldon*, 991 P.2d 231, 236 (Ariz. 1999); *see also* Doc. 1 ¶ 54. Under A.R.S. §41-1464, it is unlawful for an employer to discriminate against an individual for opposing an unlawful employment practice or participating in any manner in an investigation against the employer. But A.R.S. § 41-1464 does not include "any corporation wholly owned by the government of the United States or an Indian Tribe." A.R.S.§ 41-1461(6)(b)(i). Because THC is a tribal organization, A.R.S. § 41-1461 does not apply to it. *See also Williams v. Lee*, 358 U.S. 217, 220 (1959) (Absent authority by Congress, states have no power to regulate the affairs of Indians on a reservation.); *Arizona Pub. Serv. Co. v. ASPAAS,* 77 F.3d 1128, 1135 (9th Cir. 1996) (A tribe may only waive its power to regulate employment practices on tribal land through "sufficiently clear contractual terms."). The Court will dismiss Plaintiff's state whistleblower claims.

**IT IS ORDERED**:

1. The United States is **substituted** as the sole defendant for claims 1, 2, 3, and 6.

2. The United States' motion to dismiss (Doc. 21) is **denied**.

3. Defendants THC and Bonar's motion to dismiss (Doc. 17) is **granted.** Claim 4 is dismissed so that it may be exhausted first in tribal court. Claim 5 is dismissed because Plaintiff cannot assert a *Bivens* claim against Bonart. Claims 7 and 8

are dismissed because Plaintiff cannot assert federal and state whistleblower claims for reasons explained above.

Dated this 13th day of November, 2018.

David G. Campbell
Senior United States District Judge